# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. JEFFREY MISSAL,
          Petitioner,

      v.

DEPARTMENT OF THE INTERIOR,
          Agency.

DOCKET NUMBER
CB-1208-17-0025-U-3

DATE: October 26, 2017

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Thomas Devine, Esquire, Washington, D.C., for the relator.

Daniel T. Raposa, Washington, D.C., for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

## ORDER ON STAY EXTENSION REQUEST

¶1      Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of Mr. Missal's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

removal. For the reasons discussed below, OSC's request is GRANTED IN PART, and the stay is extended through December 14, 2017.

## BACKGROUND

¶2 As properly described in the prior Order on Stay Extension Request, Mr. Missal was removed from his Environmental Protection Specialist position effective January 14, 2016, based on a charge of misconduct. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-2, Order on Stay Extension Request, ¶ 2 (Sept. 15, 2017). On July 28, 2017, OSC requested a 45-day initial stay of Mr. Missal's removal. *Id.* OSC argued that it had reasonable grounds to believe that the agency removed Mr. Missal in retaliation for whistleblowing and other protected activity in violation of 5 U.S.C. § 2302(b)(8) and (b)(9)(C). *Id.* On August 2, 2017, OSC's initial stay request was granted. *Id.* On August 31, 2017, OSC requested a 90-day extension of the stay. *Id.*, ¶ 3. On September 15, 2017, a 45-day extension of the stay was granted through October 30, 2017. *Id.*, ¶¶ 1, 10.

¶3 On October 13, 2017, OSC filed a timely request to extend the stay for an additional 60 days. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-3, Stay Request File (U-3 SRF), Tab 1.[2]

## ANALYSIS

¶4 A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997).

---

[2] The agency's comments were due on or before October 20, 2017. Order on Stay Extension Request, ¶ 10. On October 23, 2017, the agency filed an untimely opposition to the extension request, arguing that the Board should deny OSC's request or limit any extension to 15 days. U-3 SRF, Tab 2. The agency has not provided any explanation regarding the apparent untimeliness. In any event, the agency's untimely pleading contains nothing that would alter the disposition of this matter.

The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will view the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may extend the period of a stay for any period that it considers appropriate.[3] 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 104 M.S.P.R. 141, ¶ 3 (2006).

¶5        In OSC's request for a second extension, OSC asserts that it has prepared a prohibited personnel practice report finding that the agency removed Mr. Missal in retaliation for whistleblowing and for cooperating with or disclosing information to the agency's Office of Inspector General in violation of 5 U.S.C. § 2302(b)(8) and (b)(9)(C), it sent the report to the Secretary of the Interior on October 12, 2017, and the evidentiary record has not changed materially during the stay. U-3 SRF, Tab 1 at 2-3, 6. OSC concludes that it needs additional time to finalize and implement corrective action and requests that Mr. Missal be held harmless during the resolution of his complaint. *Id.* at 3-4. In addition, OSC provides a copy of its prohibited personnel practice report and a letter addressed to the Secretary of the Interior describing the report and requesting that the agency consider the report's recommendations and notify OSC within 30 days of its response. *Id.* at 7-29. Viewing the record in the light most favorable to OSC and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is appropriate. *See Waddell*, 104 M.S.P.R. 141, ¶ 6.

---

[3] Recently enacted legislation allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when the Board lacks a quorum. *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017).

¶6      The length of the extension requires a separate determination. *Id.*, ¶ 7. The Board has recognized its obligation to press OSC to present corrective action cases in a timely manner. *Id.* Here, OSC did not file the initial stay request until 18 months after the effective date of Mr. Missal's removal. *See Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, 76 M.S.P.R. 625, 628-30 (1997) (considering the passage of time from the effective date of the personnel action to the date of the initial stay request in deciding to grant an extension of a stay). Moreover, pursuant to 5 U.S.C. § 1214(b)(2)(C), the agency has "a reasonable period of time" to correct a prohibited personnel practice before OSC may petition the Board for corrective action, and OSC's letter to the Secretary of the Interior asked for a response within 30 days of that letter. U-3 SRF, Tab 1 at 8. Because the OSC investigator's unrebutted declaration asserts that OSC sent its report to the Secretary of the Interior on October 12, 2017, the agency's response is not due until approximately 2 weeks after the current stay is set to expire. *Id.* at 6. In light of the factors discussed above, a 45-day extension of the stay is appropriate; thus, OSC's request is granted in part. *See Feilke*, 76 M.S.P.R. at 629-30 (granting a 45-day extension of a stay for OSC to receive the agency's response to OSC's request for voluntary corrective action and, if necessary, to file a corrective action petition with the Board).

## ORDER

¶7      Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 45-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1)    The stay issued on August 2, 2017, is extended through and including December 14, 2017, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes to Mr. Missal's duties or responsibilities that are inconsistent with his salary or grade level, or

impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)     Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)     Any request for a further extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[4] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before November 29, 2017; and

(5)     Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before December 6, 2017.


FOR THE BOARD:                         _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.

---

[4] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.